IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRIDGEWATER OWNERS
ASSOCIATION, INC.                                              PLAINTIFF

V.                                         CAUSE NO. 3:15-CV-447-CWR-LRA

NEW ENGLAND CONTRACTORS, LLC,
ABBY ROBINSON, AND RICKY
ROBINSON                                        DEFENDANTS

## ORDER OF REMAND

On its own motion, the Court determines that it lacks subject matter jurisdiction. Accordingly, this action is remanded to the Chancery Court of Madison County, Mississippi.

### I.  Procedural History

On May 5, 2015, the plaintiff filed its complaint in the Chancery Court of Madison County alleging that the defendants violated certain home owner association restrictive covenants.  Docket No. 1-1.  On June 17, 2015, the defendants filed their answer and counterclaim asserting a Fair Housing Act violation.  Docket No. 3.  That same date, the defendants removed the action to this Court asserting federal subject matter jurisdiction based on their counterclaim.  Docket No. 1.  Plaintiff did not seek to have the case remanded to state court.  A scheduling order was entered and the parties proceeded with discovery.  During the pretrial conference, the Court expressed its concerns that jurisdiction in this Court is not appropriate.

### II. Standard of Review

"Federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings." *In re Bass,* 171 F.3d 1016, 1021 (5th Cir.1999); *see also Save the Bay, Inc. v. U.S. Army,* 639 F.2d 1100, 1102 (5th Cir.1981) (" [It is]

1

incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary.").

"The party seeking removal bears the burden of showing that federal jurisdiction is proper." *Lone Star OB/GYN Assoc. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365–66 (5th Cir.1995) (citations omitted). "The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot–Hed Inc.,* 477 F.3d 320, 323 (5th Cir. 2007).

### III. Discussion

Here the question is whether the defendants have established the existence of a federal question sufficient to support jurisdiction in this Court.

"A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP,* 538 F.3d 334, 337–38 (5th Cir. 2008) (quotation marks, citations, and brackets omitted). When an action is removed, "the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (citation omitted). Here, the plaintiff's well-pleaded complaint presents only state law claims for injunctive relief and breach of contract. Moreover, the defendants raised federal question as a matter of their Fair Housing Act counterclaim. Therefore, the Court finds that it

lacks subject matter jurisdiction over this action. There is no federal claim to be resolved by this Court. Therefore, this case must be remanded to the Chancery Court of Madison County, Mississippi.

The Clerk of the Court shall this day send a certified copy of this Order to the Chancery Court of Madison County, Mississippi.

S**O ORDERED**, this the 21st day of July, 2016.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
